

**FILED**

JUL 3 0 2012

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| JOHN CAIRNES, | ) |
| | ) |
| Plaintiff, | ) Case No.: 12  4312 |
| | ) |
| vs. | ) PLAINTIFF'S COMPLAINT |
| | ) AND DEMAND FOR JURY TRIAL |
| MONARCH RECOVERY MANAGEMENT, INC., | ) |
| A/KA/ ACADEMY COLLECTION SERVICE, | ) |
| | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT

JOHN CAIRNES, ("Plaintiff"), through the undersigned counsel, DANIEL P. HARTSTEIN alleges the following against MONARCH RECOVERY MANAGEMENT, INC. A/K/A ACADEMY COLLECTION SERVICE, ("Defendant"):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

## JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.  Defendant conducts business in the state of PENNSYLVANIA, and therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5.  Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

1

## PARTIES

6. Plaintiff is a natural person residing in Philadelphia, PA.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company, with its corporate office located at: Monarch Recovery Management, Inc., a/k/a Academy Collection Service, 10965 Decatur Road, Philadelphia, PA 19154.

10. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

### A. DEBT

11. Plaintiff allegedly incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

12. The Debt arose from services allegedly provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692a(5).

13. The Debt was purchased, assigned or transferred to Monarch Recovery Management, Inc. a/k/a Academy Service for collection, or Monarch Recovery Management, Inc. a/k/a Academy Service was employed by the Creditor to collect the Debt.

14. The Defendant attempted to collect the Debt and, as such, engaged in

2

"communications" as defined in 15 U.S.C. §1692a(2).

## B. HARASSMENT AND ABUSIVE TACTICS

15. Defendant constantly and continuously places collection calls to Plaintiff at 215-459-1073 seeking and demanding payment for the alleged debt.

16. Defendant calls Plaintiff from telephone number 800-503-3852 seeking and demanding payment for the alleged debt.

17. Defendant began calling on or about 2008.

18. Defendant did not send Plaintiff a validation letter.

19. Defendant continues to contact Plaintiff, knowing Plaintiff disputes the debt.

20. Defendant attempts to collect on a debt incurred by Plaintiff's sister, Frances J. Cairnes, but persists in calling Plaintiff, a third party, despite having no knowledge of or connection to the alleged debt nor any knowledge of his sister's current whereabouts.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

   a.) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   b.) Defendant violated *§1692b(1)* of the FDCPA by contacting persons other than Plaintiff and failing to identify him/herself and failing to state the he/she is confirming or correcting location information concerning Plaintiff.

   c.) Defendant violated *§1692b(2)* of the FDCPA by stating that the Plaintiff owes a debt in communications with persons other than Plaintiff.

3

d.) Defendant violated *§1692b(3)* of the FDCPA by contacting a person other than Plaintiff more than once in communications with persons other than Plaintiff.

e.) Defendant violated *§1692g* of the FDCPA by failing to send Plaintiff a validation notice within five days of the initial communication.

f.) Defendant violated *§1692g(b)* of the FDCPA by continuing with collection attempts on the alleged debt before the debt has been validated.

WHEREFORE, Plaintiff, JOHN CAIRNES, respectfully requests judgment be entered against Defendant, MONARCH RECOVERY MANAGEMENT, INC. A/K/A ACADEMY SERVICE, for the following:

   a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

   b. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

   c. Actual damages,

   d. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

   e. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOHN CAIRNES, demands a jury trial in this case.

RESPECTFULLY SUBMITTED.  Dated: July 27, 2012.

*Daniel Hartstein /s/*

Daniel P. Hartstein
LibertyView
457 Haddonfield Rd., Suite 310
Cherry Hill, NJ 08002
(856) 910-8900
danhartstein@verizon.net

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(770) 414-1002
alex@fdcpalawyeronline.com